Davis, J.
These acts are undeniably special; and, to us at least, it seems almost as manifest that their subject-matter is of a general nature, and that neither of them contains the attributes of legitimate local legislation. They are special, because they are in terms restricted in their' operation to Pickaway county. They are of a general nature, because the subject of legislation is a matter of general concern to the state, and to every county in the. state and to the inhabitants thereof. Kelley v. State, 6 Ohio St., 272. They are not legitimate local bills, because the' subject-matter is not peculiar to the localities named and it does not appear that there was any necessity for such legislation either in time, place or circumstance. Having said this, we have said, in substance, all that needs to be said to dispose of this case; but in deference to the authority which is urged in support of the contention of the defendant in error, 'we will be more explicit.
It should be premised that we do not feel bound by previous decisions of this court when they do not commend themselves to us by essential soundness; and this is especially so when constitutional limitations are involved. No amount of wrong adjudication can justify a practical abrogation of the constitution. We may well pause and consider carefully when we find our views to be in conflict with those entertained by our predecessors; but if it be found that the conflict is honestly irreconcilable, there is but one course to take, and that is to follow our own convictions. The obligation of a judge is that he will support the constitution, and that he will faithfully and impartially discharge and perform all the duties incumbent on him as such judge, according to the best of his ability and understanding, and not ac *549 cording to the authority and understanding of some other person or persons, however great or however numerous.
Almost the whole of the argument in favor of the validity of these statutes is grounded on the line of decisions beginning in Cricket v. State, 18 Ohio St., 9, 22, and culminating in Pearson v. Stephens, 56 Ohio St., 126. The initial case was an action against a county auditor and his sureties to recover money which it was alleged had been received as fees without authority of law. There had been no attempt at local legislation, and no statute was cited, which was even claimed to be local in its operation. There were two general laws under review. Both of the distinguished counsel had been judges of this court; and it is not disparagement of the able men who then constituted the Supreme Court to say that either of the counsel was the peer in ability of any of them. Yet it was not even suggested in argument so far as we can discover, nor was it involved in the case, that the compensation of a county officer was in its nature local. The eminent lawyer who represented the plaintiff in error assumed, and it does not seem to have been disputed, that the statutes then under consideration were general laws; but he contended that they were not uniformly operative throughout the state, and that they were therefore void. He said: “The laws under consideration relate to counties and their organization, and to the compensation of an officer common to them all. I do not doubt that a salary might be provided for auditors graduated upon population; but I do deny that a part can be compensated with salaries and a part with fees, or that a part can be given one salary, and, under exactly the same conditions the other part another. *550 In other words, different regulations may be prescribed for different things, but no two regulations for the same thing. These acts do that very thing; they attempt to give a different compensation to auditors in counties having the same population and performing the same duties.” This language clearly expresses the constitutional question which was presented, and we cannot help thinking that it was not fairly met by the court, in that case. The question was put out of the case by the court’s construction of the act of 1862. It was at this point that White, J., injected the famous dictum which became the point of departure from the constitution. “And for myself, I will say that it seems to me the amount of compensation to be attached to a local office, is a question in its nature local, and that a law to regulate such compensation cannot properly be regarded as a law of a general nature.”
One false premise underlying this proposition, and it reappears in the opinion by the. same judge in State ex rel. v. Judges, 21 Ohio St., 10, 11, is the assumption that a county office is a local office. County and township organization is provided for by article 10' of the constitution. The general assembly are therein required to provide by law for the election of such county and township officers as may be necessary. Can it properly be inferred from this that the general assembly may deem it necessary to provide for county and township officers in only one or more counties or townships? Manifestly not. The constitution contemplates county and township organisation throughout the state, and, by Sec. 26, Art. 2, it imposes on the general assembly the duty of making it uniform throughout the state. Such offices, therefore, are local only in the sense that the *551 legislature has provided for their election by the people of the respective counties or townships, and that their duties are to a large extent circumscribed by the county or township boundaries. They are constituent parts of the scheme of permanent organization of the government of the state.' As such the legislature is required by Sec. 20 of Art. 2 to fix the compensation to be attached to the office. It was said by Scott, J., in Walker v. Cincinnati, 21 Ohio St., 50, 51, that “this clause cannot be regarded as comprehending more than such offices as may be created to aid in the permanent administration of the government.” It cannot include merely local agencies of the government, for such agencies are merely adventitious and temporary, and compensation to them must be provided for with the occasion which calls for their creation. There does not seem, therefore, to be solid ground for Judge White’s assumption that a county office is a local office, from which assumption he draws his conclusion that a law to regulate the compensation attached to a local office (i. e., a county office), is a local law. With just as much reason it may be argued that all laws relating to the filling of vacancies in county offices (Sec. 27 of Art. 2 of the constitution) are local laws, from which it would follow that there may be as many ways of filling vacancies in county offices as there are counties in the state. If the theory propounded here is correct, that these salary bills are constitutional as local laws, then there may be as many modes of compensating county officers as there are counties in the state, notwithstanding the provisions of the constitution, Sec. 26, Art. 2, which the framers of the constitution believed to be an effective safeguard against the evils of special legislation. To show *552 that the danger to the state, which is spoken of above as a possibility, is likely soon to be an accomplished fact, a tabulated statement of the special salary bills already enacted is here given:

*553 There is abundant food for study, for both lawyers and legislators, in the statistics shown in this table; but we linger over it only long enough to remark that: 1. Already more than half the counties of Ohio have special laws regulating the compensation of county officers by salary, while the other half compensate by fees. 2. In the counties compensating by salary neither the officers provided for, nor the salaries, are uniform. 3. In many counties, for example Pickaway, some of the county officers are compensated by salary and others by fees. Whether the inequalities which appear here can be totally eradicated by general legislation, we are not called upon to determine. Perhaps it might be accomplished, as suggested arguendo by Judge Ranney in Cricket v. State, by compensation graduated upon population, or perhaps, by compensation graduated upon the income of the office, or again through the medium of a state board or commission whose duty it would be to regulate compensation; but it must be borne in mind that the uniformity in compensation which is required, is not uniformity in the total amount received, but uniformity in the rate of compensation, that is, that the same compensation shall be paid for the same service. So that it would seem that the suggestion in the opinion, in Pearson et al. v. Stephens, 56 Ohio St., 131, that general legislation upon this subject would result in “as many different rules upon the subject as there are counties within the state,” and that it would end in the evil which the provision against local legislation was designed to prevent, is unsound. However, whether the discrimination against special or local legislation, in the constitution is ineffective or not, does not concern us in the present discussion. That is a problem to be worked out by the general as *554 sembly. We are satisfied at all events that the loose construction of the constitution in which this court has heretofore indulged, is in part responsible for the abnormal condition of things shown above and we feel disposed to distinctly and finally repudiate it now. The case of Hart v. Murray, 48 Ohio St., 605, is merely an affirmation of the theory stated by Judge White in Cricket v. State, and State v. Judges, which we have already considered.
We come now to Pearson et al. v. Stephens, 56 Ohio St., 126. Counsel for the defendant in error are at some pains to emphasize the inconsistency between the opinion of this court in that case, and one of the arguments for plaintiff in error here, the opinion and argument being the production of the same person. We concede that the opinion in Pearson et al. v. Stephens, states the case for the defendants in error here as strongly as it may be put; but after full consideration we prefer the judgment of Philip in his latter condition. The brief of the eminent counsel makes it entirely clear, if indeed any comment was needed to make it clear, that in its final analysis the decision in Pearson et al. v. Stephens, rests altogether on the observation of White, J., in Cricket v. State. He also makes it clear that the court as then constituted, entertained doubts concerning the question whether this was a subject which must be regulated by general law, operating uniformly throughout the state, and that, therefore, the problem was resolved in favor of the constitutionality of the statute. A majority of the court considering this case entertain no such doubt, and, while freely admitting that the future may possibly develop conditions which may demonstrate that the conclusions now reached are erroneous, yet with all *555 the light which we now have, we are constrained to, and do unhesitatingly, overrule the case of Pearson et al. v. Stephens, because the doctrine therein declared, that local legislation on the subject of the compensation of county officers is constitutional, is exactly the opposite of our deliberately formed convictions.
The judgment of the circuit court is

Reversed.

Burket, Shaucic and Price, JJ., concur.